JOHN TORPHY, Secretary, Department of Administration
Your predecessor requested my opinion on two questions concerning the impact of the recently established national mid-decade census upon Wisconsin legislative reapportionment and redistricting in the future.
 "1. Under existing law and the State Constitution, will legislative reapportionment/redistricting be necessary following the 1985 federal census?"
The answer is no.
Wisconsin Constitution art. IV, sec. 3, provides:
 "At their first session after each enumeration made by the authority of the United States, the legislature shall apportion and district anew the members of the senate and assembly, according to the number of inhabitants, excluding soldiers, and officers of the United States army and navy."
As originally enacted, Wis. Const. art. IV, sec. 3, had provided for reapportionment based upon a state enumeration of the inhabitants of the state, "in the year 1855, and at the end of every ten years thereafter . . . and also after each enumeration made by the authority of the United States." Article IV, sec. 3 was amended in 1910 to read substantially as it does at present. (See 1907 J.R. 30, 1909 J.R. 55, 1909 c. 478, vote Nov. 1910.) Provision for a state enumeration of population was dropped. Starting with the national decennial census of 1910, and at ten-year intervals thereafter, state legislative reapportionment has been accomplished based upon the national decennial censuses. *Page 82 
In November, 1976, Title 13 of the U.S. Code was amended by P.L. 94-521. 13 U.S.C. sec. 141 as amended provides in part:
 "(a) The Secretary shall, in the year 1980 and every 10 years thereafter, take a decennial census of population . . . .
"***
 "(d) Without regard to subsections (a), (b), and (c) of this section, the Secretary, in the year 1985 and every 10 years thereafter, shall conduct a mid-decade census of population . . . ."
13 U.S.C. sec. 141 (e)(2) specifically provides:
 "Information obtained in any mid-decade census shall not be used for apportionment of Representatives in Congress among the several States, nor shall such information be used in prescribing congressional districts."
The question is whether the mid-decade census made pursuant to13 U.S.C. sec. 141 (d), is an "enumeration" within the meaning of Wis. Const. art. IV, sec. 3, thus resulting in state legislative reapportionment every five years, based on the national mid-decade as well as on the decennial censuses.
The history of Wis. Const. art. IV, sec. 3 clearly shows that it was the intent that reapportionment occur only after decennial censuses.
As pointed out previously, the original Wisconsin constitutional provision provided for an enumeration in 1855 (and every ten years thereafter) and after each federal enumeration. Although the time of the federal enumeration was not stated in the Wisconsin Constitution, U.S. Const. art. I, sec. 2, requires an "actual enumeration . . . within every . . . term of ten years" for purposes of apportionment of representative and direct taxes and such enumerations have been held under the constitutional provision every ten years, without exception, from 1790 to the present. That this was the federal enumeration in the minds of the drafters of our constitution seems too obvious to argue
There can be no doubt that the Legislature and people of this state did not want reapportionment every five years. In 1910 the voters of this state elected to amend Wis. Const. art. IV, sec. 3
to drop the mid-decade state enumeration, and reapportion only after "each enumeration made by the authority of the United States," obviously *Page 83 
again referring to the decennial enumeration mandated by the Federal Constitution.
Support for the proposition that "enumeration" as used in Wis. Const. art. IV, sec. 3 refers to a strict enumeration is found in the fact that sec. 3 requires the apportionment to be "according to the number of inhabitants." Additionally, in the Laws ofWisconsin Territory Passed at the Special Session of theLegislature Assembly, Oct. 27, 1847, p. 3, sec. 17, in discussing the mechanics of conducting an enumeration (for the ultimate purpose of attaining statehood), the Legislature afforded a glimpse of what it intended "enumeration" to mean: "The said enumeration [referred to as "census" in preceding sections] shall . . . include only those who are residents of said respective counties or divisions on the first day of December aforesaid and shall be made by an actual inquiry by the persons taking such census at every dwelling, or by personal inquiry of the head of every family in their respective counties or divisions." (Emphasis added.) See Quaife, The Attainment ofStatehood, Wisconsin Historical Publications, 1928, p. 9. Though now obsolete, this law may be properly regarded as in parimateria and helpful in establishing the historical context in which Wis. Const. art. IV, sec. 3 is to be construed. Under the Wisconsin Constitution then, and the U.S. Constitution as well, "enumeration" means an actual count of people, not a sophisticated estimate, no matter how accurate the estimate may be.
It is my opinion that Wis. Const. art. IV, sec. 3 requires reapportionment only after an actual enumeration or accurate head count and that the mid-decade census does not qualify in this respect.
In taking both the decennial and the mid-decade census, the secretary of Commerce is authorized to do so "in such form and content as he may determine, including the use of sampling procedures and special surveys." 13 U.S.C. sec. 141 (a) and (d). But 13 U.S.C. sec. 195 specifically provides:
 "Except for the determination of population for purposes of apportionment of Representatives in Congress among the several States, the Secretary shall, if he considers it feasible, authorize the use of the statistical method known as `sampling' in carrying out the provisions of this title." *Page 84 
The apportionment of representatives in Congress among the several states is based upon the decennial census,13 U.S.C. sec. 141 (b), and, as stated above, 13 U.S.C. sec. 141 (e) (2) specifically provides that the mid-decade census shall not be used for such apportionment. In consequence, while the decennial census is conducted as a "head count" of population, that is, a strict enumeration of inhabitants, the mid-decade census, in contrast, may be an estimate of population rather than an exact count.
The legislative history of P.L. 94-521 supports my conclusion. As originally enacted by P.L. 85-207, 13 U.S.C. sec. 195
provided:
 "Except for the determination of population for apportionment purposes, the Secretary may, where he deems it appropriate, authorize the use of the statistical method known as `sampling' in carrying out the provisions of this title."
The section was amended, according to the Senate Report on P.L.94-521, to "[strengthen] congressional intent that, whenever possible, sampling shall be used." 1976 U.S. Code Cong. Ad. News 5898. The cost of a mid-decade census "based on a total enumeration of the American people" was estimated at $517.5 million, whereas $300 million was the estimated cost for "a census incorporating sampling procedures, which is clearly the intent of this committee." 1976 U.S. Code Cong. Ad. News 5901. See also p. 5904. In the House Conference Report, it is stated that in Section 141 (d) of Title 13, relating to the mid-decade census, "for the dual purposes of economizing and reducing respondent burden, language is provided to express the intent that the secretary will, whenever possible, use sampling procedures and special surveys in conducting such censuses." 1976 U.S. Code Cong. Ad News 5909.
Therefore, since Wis. Const. art. IV, sec. 3, provides for reapportionment based upon a federal "enumeration" of population and since it is clearly the intent of Congress that the national mid-decade census of population shall not be a strict enumeration, it is my opinion that under the state constitution, state legislative reapportionment will not be necessary following the 1985 federal census and following mid-decade census. *Page 85 
In view of my answer to your first question, your second question, whether the Legislature could enact a statute which would clarify the issue without having to amend the constitution, needs no response.
BCL:WHW